SACKETT & WILHELMS LITHOGRAPHING & PRINTING CO. v.
TILYOU et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. SALES—DELIVERY.
   Where an order for billposters provided for delivery, f. o. b., New York,
   and the posters, instead of being delivered to defendant personally, were
   delivered to a bill posting company of Brooklyn, by which they were
   posted on billboards according to their custom, such delivery, in the ab-
   sence of proof that the bill posting company was the agent of defendant,
   was insufficient to show a compliance with the contract.

2. SALES—ACTION FOR PRICE—QUESTION FOR JURY.
   Defendant's manager having contracted for certain posters to advertise
   defendant's show, defendant, as soon as he learned that the work had been
   ordered and supplied, wrote the contractor, stating that defendant pre-
   sumed that plaintiff would look to him for payment of the bills; but, as
   his contract with his agent precluded the agent from obligating defend-
   ant in any way unless his acts were approved by defendant, defendant
   wrote the letter to inform plaintiff of the facts. Defendant immediately
   wrote the agent disavowing his acts and refused to recognize any claim
   for printing the posters. Held that, in an action for the price of the post-
   ers, whether such letters constituted an implied acknowledgment that the
   posters had been delivered was for the jury, and that it was error for the
   court to draw such inference as a matter of law.

Appeal from Trial Term, Kings County.

Action by the Sackett & Wilhelms Lithographing & Printing Com-
pany against George C. Tilyou and another. From a judgment in fa-
vor of plaintiff on a directed verdict, and from an order denying the
motion of defendant Tilyou for a new trial, he appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

Henry E. Heistad, for appellant.
Yorke Allen, for respondent.

HOOKER, J. This action was brought to recover from the de-
fendants the agreed price for printing certain lithographic posters or-
dered by the defendant Cummins, to advertise the Cummins' Indian
Congress, which was at the time exhibiting at a resort of the defendant
Tilyou at Coney Island. The defendant Cummins does not appeal, nor
was he sworn as a witness upon the trial.

The appellant contends that the proof of delivery of the posters was
not conclusive; that the evidence on that subject was fairly open to the
inference that no delivery had been made; and therefore that it was er-
ror to direct a verdict for the plaintiff.

The order for these posters specified that they should be delivered,
f. o. b., New York. This order was accepted verbally by the plaintiff,
and, except as to irrelevant alterations, was the contract for supplying
these goods. Plaintiff's evidence establishes directly that there was no
delivery to either of the defendants personally, but instead the delivery
was to the American Bill Posting Company of Brooklyn. While it is
true that this bill posting company caused the lithographs to be posted
on billboards and rented fences under its charge and upon which it was

customary for it to affix advertising matter of this description, there is no direct evidence to suggest that either of the defendants authorized the American Bill Posting Company to receive these lithographs or to post them, and for aught that positively appears their receipt by the bill posting company and their later posting may have been a voluntary act on the part of this company. While it may be quite probable that Cummins had made some arrangement with the bill posting company about receiving and posting the lithographs, thereby creating it a receiving agent so that a delivery to this company should be a delivery under the contract, no evidence of the fact is in the record.

The defendant Tilyou never knew of the contract or of the making of the lithographs until some time after they had been delivered to the bill posting company and distributed to various places. When he was advised by Cummins that this work had been ordered and supplied, he wrote to the plaintiff at once as follows:

"Mr. F. T. Cummins has sent in a bill to me which you have rendered to him for printing lithographs for the Indian Congress. Now, I presume you will look to me to pay those bills, but, as my contract with him says, 'he shall not obligate me in any way in connection with said Indian Congress, unless I have first approved of his acts in that direction.' The first I have learned of said debt having been incurred was on Tuesday, when Mr. Cummins sent in your bills for payment. I write you this letter to let you know the exact understanding of matters."

He also wrote to Cummins disavowing the latter's act, and stating that he would not recognize the claim for the printing of these lithographs.

The plaintiff takes the view that by this correspondence Tilyou treated the matter as if these posters had been furnished, but we believe that Tilyou's letters are not open to this construction alone. They were dated and sent concededly within two or three days after he first learned of the performance of this work. The learned trial court held that, because these letters of Tilyou did not disclaim delivery, they are open to the inference that he waived any claim of nondelivery in the matter then in difference between himself and the plaintiff. Such inference is at most a question of fact, and its effect is to be determined by the jury, and should not have been disposed of as a proposition of law by the court. By its direction of a verdict the court held that there was not only no evidence of nondelivery, but that as. a matter of law the only inference capable of being drawn from all the evidence was that the posters had been delivered. For this error the judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, costs to abide the event. All concur.

GAYNOR, J. I concur in the reversal, but do not agree that it was proved that the posters were received by the bill posting company and posted on the bill boards. If that were so, then their delivery was shown and the judgment would have to be affirmed, for such things go from the printing office to the bill boards—that is their delivery. The appellant employed his co-defendant Cummins as his "general manager" at a monthly salary to exhibit the latter's Indian show at the appellant's

park at Coney Island. The agreement is written, and provides that the appellant shall pay the expenses necessary to "install" the show and for its "maintenance." The quotation from the agreement in the appellant's letter is false; there is no such thing in it. The trial judge therefore correctly ruled that the appellant was bound by the act of the defendant Cummins in ordering the posters; that it was within his agency. But it was not proved that the posters were ever delivered. The failure on that head is pitiful, especially in the case of plaintiffs seeking judgment for an honest bill. Counsel for the plaintiffs first considered that evidence that two of the posters were seen posted in the appellant's park proved delivery of all of them—eleven thousand and eight in all—and rested. Next he produced the evidence of the bookkeeper of the bill posting firm that he saw some of them on bill boards; and finally he deemed an admission of counsel for defendant Cummins in open court that the posters were delivered to him as binding on the appellant. The feelings of the learned trial judge may be imagined. In his anxiety to do justice in spite of the obstacles put in his way, he could not bring himself to direct a verdict for the defendant, and finally directed a verdict for the plaintiff, holding a delivery was shown.